# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER:   8:05-cr-519-T-23MSS |
| vs. | USM NUMBER:    48491-018 |
| MORGAN THOMSON | Defendant's Attorney:   Frederick Peter Mercurio, ret |

THE DEFENDANT:

__X__ pleaded guilty to count ONE of the Information.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) | Possession With Intent to Distribute Marijuana | October 3, 2002 | ONE |

   The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: June 26, 2006

_/s/ Steven D. Merryday_
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: June 27th, 2006

AO 245B (Rev 06/05) Sheet 2 - Imprisonment

| | | |
|---|---|---|
| Defendant: | MORGAN THOMSON | Judgment - Page 2 of 6 |
| Case No.: | 8:05-cr-519-T-23MSS | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **THIRTY-THREE (33) MONTHS.**

_X_ The court makes the following recommendations to the Bureau of Prisons: confinement at FCI Coleman, Florida, or as near to Coleman as possible.

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

_X_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    _X_ in 60 days.
    _X_ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                United States Marshal

                             By:_____
                                                   Deputy Marshal

| | | |
|---|---|---|
| Defendant: | MORGAN THOMSON | Judgment - Page 3 of 6 |
| Case No.: | 8:05-cr-519-T-23MSS | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of TWENTY-FOUR (24) MONTHS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

__X__  The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

__X__  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release

| | |
|---|---|
| Defendant: MORGAN THOMSON | Judgment - Page 4 of 6 |
| Case No.: 8:05-cr-519-T-23MSS | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X    The defendant shall participate in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency and follow the probation officer's instructions regarding the implementation of this court directive. This program may include testing for the detection of substance use or abuse not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. Upon completion of a drug or alcohol dependency treatment program, the defendant is directed to submit to testing for the detection of substance use or abuse not to exceed 104 times per year.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties

| Defendant: | MORGAN THOMSON | Judgment - Page 5 of 6 |
|---|---|---|
| Case No.: | 8:05-cr-519-T-23MSS | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $100.00 | $ waived | $ |

__ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

__ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ | $ | |

_ Restitution amount ordered pursuant to plea agreement $ _____.

_ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　_ the interest requirement is waived for the ___ fine ___ restitution.

　_ the interest requirement for the ___ fine ___ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: MORGAN THOMSON | Judgment - Page 6 of 6 |
| Case No.: 8:05-cr-519-T-23MSS | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ __100.00__ due immediately, balance due

      ___ not later than _____, or

      ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. ___ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

___ The defendant shall pay the cost of prosecution.

___ The defendant shall pay the following court cost(s):

__X__ The defendant shall forfeit the defendant's interest in the following property to the United States:

    $69,985.00 in United States currency pursuant to the "Amended Preliminary Order of Forfeiture" (Doc. 23) attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:05-cr-519-T-23MSS

MORGAN THOMSON
_____/

## AMENDED PRELIMINARY ORDER OF FORFEITURE

The United States moves for entry of an amended preliminary order of forfeiture (Doc. 22). The United States has met its burden of establishing the sufficiency of the nexus between the offense and the $69,985.00 in United States currency sought for forfeiture.[1] Accordingly, the motion (Doc. 22) is **GRANTED**.

Pursuant to the provisions of 21 U.S.C. § 853, all right, title, and interest of defendant, Morgan Thomson, in the $69,985.00 in United States currency are forfeited to the United States for disposition according to law.

The court retains jurisdiction to enter any further orders necessary for the forfeiture and disposition of the subject property and to entertain any third-party claims that may be asserted in these proceedings.

ORDERED in Tampa, Florida, on April 28, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] The information, plea agreement, first motion for preliminary order of forfeiture, and order granting the first motion for preliminary order of forfeiture incorrectly state that the currency forfeitable in this matter totals $70,195.00. This amended preliminary order of forfeiture notes that the correct total of the currency forfeitable in this matter is $69,985.00.